UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RICKEY LYNCH,

                Petitioner,    MEMORANDUM & ORDER
                                11-CV-4708 (JS)

   -against-

VINCENT DEMARCO, SHERIFF OF
SUFFOLK COUNTY,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Rickey Lynch, Pro Se
                    11 A 4769
                    Downstate Correctional Facility
                    Box F
                    Red Schoolhouse Rd.
                    Fishkill, NY 12524-445

For Respondent:    No appearance

SEYBERT, District Judge:

        By Petition dated September 23, 2011, Rickey Lynch, ("Petitioner") appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his September 19, 2011 conviction in Suffolk County state court. Petitioner has also moved to proceed in forma pauperis. Upon review of the Petitioner's declaration in support of his application to proceed in forma pauperis, the Court finds that his financial status qualifies him to file his Petition without prepayment of the $5.00 filing fee. Accordingly, the application to proceed in forma pauperis is GRANTED.

        Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this Petition and, for the reasons set forth below, has determined that

the Petition is premature. Accordingly, the Petition is dismissed without prejudice.

BACKGROUND

Petitioner was convicted on September 19, 2011 of Forgery in the Second Degree, Criminal Possession of a Forged Instrument in the Second Degree, Identity Theft in the First Degree, and Offering a False Instrument for Filing in the First Degree. (Pet. at ¶¶ 26, 35). Petitioner contends that this conviction violates the double jeopardy clause because these charges "stem[] from a Department of Motor Vehicle's (DMV) application that led to an earlier misdemeanor conviction in Rye City Court, County of Westchester . . . ." (Pet. at page 2).

Petitioner claims that he pled guilty "on or about December 22, 2009 in Rye City Court . . . to the amended charge of Criminal Possession of Forged Instrument in the Third Degree, a class A Misdemeanor (Penal Law 170.20) . . . and Aggravated Unlicensed Operation of a Vehicle (VTL 511.20)" and was sentenced on April 13, 2010 to ninety (90) days in jail as well as a $500 fine and three years of probation. (Pet. at ¶ 20). Upon his release from incarceration on July 27, 2010 Petitioner was "arrested during a court appearance in Nassau County Courthouse and [was] transfer[red] back to Suffolk County and charged with Forgery in the Second Degree, Identity Theft in the First Degree and Tampering with Public Records in the First Degree. . . ." (Pet. at

2

¶ 25).

According to Petitioner, he commenced an "Article 78 proceeding to the Supreme Court, Appellate Division," on December 22, 2010 claiming that the July 27, 2010 arrest violated the double jeopardy clause because the charges therein stemmed from his 2009 conviction in Rye City Court. (Pet. at ¶ 28). On April 5, 2011, the Article 78 proceeding was dismissed. (Pet. at ¶ 29). Petitioner describes that he then filed, on March 16, 2011, an "omnibus motion raising the double jeopardy claim in Supreme Court, Suffolk County." (Pet. at ¶ 30). By Memorandum and Order dated July 6, 2011, Judge William Condon denied Petitioner's motion, finding that although the crimes are "related", they are "separate and distinct." (Pet. at ¶ 30; see also Ex. "L" annexed thereto). Petitioner also filed an "updated" Article 78 proceeding on June 24, 2011 with the Appellate Division, Second Department and that proceeding was dismissed on August 16, 2011. (Pet. at ¶¶ 31-32 and Exs. "M" and "N" annexed thereto).

As noted above, Petitioner was then tried in Suffolk County in September 2011 and convicted on September 19, 2011 of Forgery in the Second Degree, Identity Theft in the First Degree, and Tampering with Public Records in the First Degree. The instant Petition followed just four days later.

## DISCUSSION

In order to bring a petition for a writ of habeas corpus

3

pursuant to 28 U.S.C. § 2254, a petitioner must first exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). Additionally, the petitioner must "fairly present[]"these claims in the state court, without procedurally defaulting on them." Id.

Here, Petitioner's constitutional claim was raised only in his pre-trial and pre-conviction Article 78 proceedings and omnibus motion made to the state trial court. Petitioner does not claim to have appealed his September 19, 2011 conviction, and given that the instant habeas petition is dated September 23, 2011 just four days after the conviction, Petitioner has yet to appeal his conviction to the New York Appellate Division and/or the Court of Appeals. Consequently, Petitioner's § 2254 habeas claim is unexhausted and the Court must sua sponte dismiss it on that basis. See Henry v. Davis, No. 10-CV-5172 (KAM), 2011 WL 319935, *1 (E.D.N.Y. Jan. 26, 2011); Nash v. Evans, 10-CV-0361, 2010 WL 1423196, at *2 (N.D.N.Y. Apr. 9, 2010); Foster v. Spitzer, No. 07-CV-0103, 2007 WL 1531904 (N.D.N.Y. March 5, 2007) (habeas petition dismissed where petitioner had not yet completed state appellate review of his claims). Petitioner may re-file his claim once he fully exhausts it in state court, if warranted.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE, and the Clerk of the Court is directed to mark this matter closed. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

          SO ORDERED.

          /s/ JOANNA SEYBERT
          Joanna Seybert, U.S.D.J.

Dated: December __1__, 2011
      Central Islip, New York